**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

```
IN RE:                            )
JOSEPH P. POPE and                )    Case No. 16-10574 BLS
KAREN C. POPE,                    )    Chapter 13
            Debtors.              )
```

**CHAPTER 13 PLAN**

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1**

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay the trustee the sum of $165.00 for sixty (60) months.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. Full payment in deferred cash payments of all claims entitled to Priority under 11 U.S.C. Section 507.

    (A) Debtor's Counsel Fees: $2770.00. Attorney's fees to be paid prior to any other disbursements.
    (B) Priority Taxes: N/A.
    (C) Other Priority or Administrative Expenses: All educational loans shall be direct and concurrent with the Plan.

2. (As applicable-Pro-rata with or subsequent to) dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (A)   Long term or mortgage debt – N/A.

    (B)   Secured Vehicle debt: N/A.

    (C)   Secured Vehicle debt: (910 Claim) - Pro-rata payments to: Freedom Road Financial in the full amount of the vehicle claim of $6,265.00 for the 2013 Harley Triumph. The amount includes 5.25% interest. Total payments will be $6,265.00.

    (D)   Other secured debt: N/A.

    (E)   Surrender-secured collateral to: Debtors surrender the 2014 Ford F150 to Ally Financial. The Debtors grant Ally Financial relief form the automatic stay.

```
IN RE:                          )
JOSEPH P. POPE and              )    Case No. 16-10574 BLS
KAREN C. POPE,                  )    Chapter 13
          Debtors.              )
```

4. Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   1. General unsecured creditors will be paid [    ] a dividend of 100% of their allowed claim or [    ] a pro rata dividend or BIOC or Disp. Income x 60 months as calculated under Section 1325(b), or [X ] a pro-rata dividend, if any.

5. (If applicable) The following leases or executor contracts of the debtor will be treated as follows: 1) Debtors assume the lease with Nissan Motor Acceptance for the 2015 Nissan Altima. Payments to Nissan Motor Acceptance shall be direct and concurrent with the Plan; 2) Debtors assume the lease with Hyundai Motor Finance for the 2013 Hyundai Elantra. Payments to Hyundai Motor Finance shall be direct and concurrent with the Plan; 3) Debtors assume the lease with Hyundai Motor Finance for the 2013 Hyundai Sonata. Payments to Hyundai Motor Finance shall be direct and concurrent with the Plan;

6. Except for undistributed plan payments held by the Trustee, title to Debtor's property shall revest in the Debtor on confirmation of the Plan. Upon conversion of this case to Chapter 7, or dismissal, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with the Plan.

   7. Other special provisions of the Plan: N/A.

8. A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed by either electronically or as paper. To file an electronic claim, go to the United States Bankruptcy Court, District of Delaware website (http://www.deb.uscourts.gov) and click on the Programs & Services tab, then select Filing a Claim. Click on "Submit Proof of Claim" link and follow the instructions. Once the necessary information is entered, the form with be automatically generated. To obtain a claim form to file a paper claim, go to the United States Bankruptcy Court, District of Delaware website (http:web.deb.uscourts.gov) and click on the Forms tab. Select All Forms from the drop down menu, then select B10-Proof of Claim. Proofs of claim in duplicate shall be delivered or mailed to the United States Bankruptcy Court, Attn: Claims, 824 Market St., 3rd Floor, Wilmington, Delaware 19801. (Copies should be mailed to Nina Pappoulis, Esq., 5307 Limestone Road, Suite 103, Wilmington, DE 19808).

| | |
|---|---|
| /s/ Joseph P. Pope | 2/26/16 |
| Debtor's Signature | Date |
| | |
| /s/ Karen C. Pope | 2/26/16 |
| | Date |
| | |
| /s/ Christina Pappoulis | 2/26/16 |
| Attorney for Debtor(s) | Date |

```
                             PLAN ANALYSIS

Debtor: JOSEPH P. AND KAREN C. POPE            Case #: 16-10574BLS

Prior: Bankruptcy ( )  Chapter 13 ( )          Date:

Estimated length of plan sixty (60) months.    Trustee Use

                                        341 Meeting Date: _____

                                              Continued: _____

                                         Confirmed Date: _____


TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS (Class One)
   1. Unpaid attorney's fees...............................$ 2770.00
   2. Taxes ..............................................$    0.00
   3. Other ..............................................$
B. TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two)............$    0.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three).........$ 6265.00
D. TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four)........$    0.00
E. SUBTOTAL .................................................$ 9035.00
F. TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payments)...$  903.50
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES ...................$ 9938.50
_____

                     RECONCILIATION WITH CHAPTER 7

H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED
   1. Value of debtor's interest in non-exempt property ........$
   2. Plus: value of property recoverable under avoiding powers $
   3. Less: estimated chapter 7 administrative expense .........$
   4. Less: amounts payable to priority creditors other than
           costs of administration ............................$
   5. Equals: estimated amount payable to Class 4 creditors
            if Chapter 7 filed (if negative, enter zero) .....$
I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7 ............$
J. ESTIMATED DIVIDEND UNDER PLAN.................................$


/s/Christina Pappoulis, Esquire     /s/ Jospeh P. Pope_____
Christina Pappoulis                 Debtor
Attorney for Debtor(s)
                                    /s/ Karen C. Pope_____
                                    Debtor
```